SPENCER P. HUGRET (SBN: 240424)
shugret@grsm.com
ERIC D. SENTLINGER (SBN: 215380)
esentlinger@grsm.com
SARAH CARLSON LAMBERT (SBN: 247360)
slambert@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
FCA US LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARRETT BROCKMAN,<br><br>    Plaintiff<br><br>vs.<br><br>FCA US, LLC; HOBLIT CHRYSLER JEEP DODGE, INC.; and DOES 1 through 10, inclusive<br><br>    Defendants. | Case No.<br><br>**DEFENDANT FCA US LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446**<br><br>Sup. Ct. Comp. Filed: December 2, 2022<br><br>Removed: May 4, 2023 |

## NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant FCA US, LLC ("FCA"), by its counsel GORDON REES SCULLY MANSUKHANI LLP, hereby removes to this court, pursuant to 28 U.S.C. §§§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. 22CV-0201145 of the Superior Court of California, County of Shasta. In support of this removal, FCA states as follows:

### I. THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Shasta by Plaintiff GARRETT BROCKMAN ("Plaintiff")

1 against FCA, entitled *Garrett Brockman v. FCA US, LLC, et al.*, Shasta County Superior Court Case No. 22CV-0201145 (the "State Action"). The two originally named Defendants were FCA and Hoblit Chrysler Jeep Dodge, Inc. ("Hoblit CJD") (collectively, "Defendants"). (*See* **Exh. A** to the Declaration of Sarah Carlson Lambert ["Lambert Decl."], filed concurrently herewith.) FCA is the only remaining named Defendant in the case as Plaintiff dismissed Hoblit CJD on April 25, 2023. (*See* **Exh. B** to Lambert Decl.)

2. Plaintiff filed the State Action on December 2, 2022, asserting, against FCA, four causes of action for violation of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act") including for breaches of express and implied warranty, based on his purchase of a 2020 Ram 1500, VIN: 1C6SRFFM6LN248991 ("Subject Vehicle"). Plaintiff additionally asserted one cause of action for negligent repair against Hoblit CJD. (*See* **Exh. A** to the Lambert Decl.)

3. FCA was served with the Complaint on December 6, 2022. (Lambert Decl., ¶ 5.)

4. On February 22, 2023, Hoblit CJD filed and served its Notice of Motion and Motion to Compel Arbitration ("Motion"). (Lambert Decl., **Exh. K**.) The Motion to Compel was scheduled to come before the Shasta Superior Court on May 8, 2023.

5. Plaintiff dismissed Hoblit CJD from this action on April 25, 2023. (See, **Exh. B** to the Lambert Decl.)

## II. PROCEDURAL REQUIREMENTS

6. Generally, a defendant has thirty (30) days from the date of service of a copy of the complaint to remove a case. 28 U.S.C. § 1446(b). However, if the case stated by the initial pleading is not removable, a defendant has thirty (30) days from the date of service or receipt of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is

Gordon Rees Scully Mansukhani, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

or has become removable to remove a case. 28 U.S.C. § 1446(3).

7. FCA received notice of this matter after it was served with a copy of the Complaint on December 6, 2022. As of the date of service on FCA, this matter was not removable as the Complaint did not contain facts that gave rise to a "federal question" and, with the inclusion of Hoblit CJD, a California entity, complete diversity of citizenship did not exist. 28 U.S.C. § 1332.

8. "[O]nly a voluntary act of the plaintiff [can] bring about removal to federal court." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 658 (9th Cir. 1978). This rule is known as the "voluntary-involuntary" rule, and "requires that a suit remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable." See *Id.* at 657. A dismissal entered at the request of a party is a voluntary act. *Heller v. American States Insurance Company*, 2016 WL 1170891, *3 (C.D. Cal. 2016), (citing *D & J, Inc. v. Ferro Corp.*, (1986) 176 Cal. App. 3d 1191, 1194).

9. Plaintiff filed a Request for Dismissal as to Hoblit CJD on April 25, 2023. (*See* **Exh. B** to the Lambert Decl.) In light of Plaintiff's voluntary dismissal of Hoblit CJD, FCA recognized this matter was now removable to Federal Court based on complete diversity of citizenship.

10. Based upon the Retail Installment Sale Contract ("Sales Contract"), counsel for FCA was able to ascertain the amount in controversy. (*See* **Exh. C** to the Lambert Decl.)

11. Pursuant to Fed. R. Civ. Pro. 6(a), a period of greater than 30 days since April 13, 2023 has not elapsed.

12. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in FCA's possession are contained in **Exhibits A-B and D-N** to the Lambert Declaration, filed herewith.

13. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Eastern District of California because this district embraces the place in which the State

-3-
DEFENDANT FCA US LLC'S NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446

1 Action has been pending.

2  14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of Shasta promptly after filing of same in this Court.

 15. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

 16. If any question arises as to the propriety of the removal of this action, FCA requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

 17. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of FCA's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### III. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

 18. For diversity jurisdiction over a claim, the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

 19. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a

1  "short and plain statement." *Dart*, 135 S. Ct. at 553.

2  20. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiffs to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id.* Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego*, 443 F.3d at 691 (internal citation omitted).

21. FCA disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, FCA can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

22. In the case at bar, Plaintiff seeks monetary relief. This is a products liability case. Plaintiff alleges breach of express and implied warranties under the Song-Beverly Consumer Warranty Act. (*See* **Exh. A** to Lambert Decl.)

23. Plaintiff seeks monetary relief under the Song-Beverly Act including but not limited to, actual damages, restitution, incidental and consequential damages, reasonable attorneys' fees and costs of suit, and a ***civil penalty in the amount of two times Plaintiff's actual damages***. (*See* **Exh. A** to Lambert Decl., ¶¶ 18-23, 39-41, 45-46, 49, and Prayer at p. 10:8-18.)

24. The Song-Beverly Act authorizes a prevailing party to recover up to

two times the purchase price of the vehicle as civil penalty, which is, in fact, the exact amount of civil penalties Plaintiff seeks in this action. Cal. Civ. Code § 1794(c).

25. The amount in controversy calculation includes civil penalties under the Song-Beverly Act. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002).

26. The Song-Beverly Act allows for the recovery of attorney's fees. Cal. Civil Code § 1794(d).

27. The amount in controversy also includes reasonable estimates of attorney's fees. *Id.* at 1011; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

28. Moreover, where attorney's fees are recoverable, future fees, and not just fees incurred at the time of removal, are "at stake" in the litigation and should be included in the amount in controversy. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018).

29. The purchase price of the vehicle was $63,896.00. (*See* Lambert Decl., ¶¶12-13, **Exh. C**.)

30. Even before taking attorney's fees, or incidental and consequential damages into account, if Plaintiff was to prevail on his Song-Beverly claims, he could be awarded damages of $75,000.00 or more if awarded statutory civil penalties. Plaintiff's actual damages of purchase price of $63,896.00, plus $127,792.00 as a double civil penalty pursuant to Civil Code Section 1794, brings the total amount in controversy to **$191,688.00**. (*See* Lambert Decl., ¶14.)

31. FCA notes this amount is extremely conservative, as it does not even take into account Plaintiff's claim for attorney's fees or incidental and consequential damages.

32. Thus, the total amount in controversy therefore exceeds $75,000.00. The amount in controversy is satisfied. (*See* Lambert Decl., ¶¶12-14).

## IV. DIVERSITY OF CITIZENSHIP EXISTS

33. Plaintiff is, and was at the time of filing of the Complaint, a citizen and resident of California. (See **Exh. A** to Lambert Decl., ¶2; *Ervin v. Ballard Marine Constr., Inc.* (N.D.Cal. Aug. 11, 2016, No. 16-cv-02931-WHO) 2016 U.S.Dist. LEXIS 106507, at *8 [internal citations omitted] (Plaintiff's complaint stated only that he was a resident of Oregon, it made no statement as to Plaintiff's citizenship. The Court found that for diversity purposes Plaintiff is a citizen of the state in which they reside in the absence of evidence to the contrary.)).

34. FCA is not a citizen of California for purposes of diversity jurisdiction. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ["An LLC is a citizen of every state of which its owners/member are citizens."].

35. FCA is a limited liability company organized under the laws of the State of Delaware and its sole member is FCA North America Holdings LLC, also a limited liability company organized under the laws of the State of Delaware, and the sole member of FCA North America Holdings LLC is Stellantis Ventures B.V. (formerly known as FCA Holdco B.A.), a company incorporated under the laws of the Netherlands with its principal place of business in London, United Kingdom. Stellantis Ventures B.V. is one hundred percent owned by Stellantis N.V. (formerly known as Fiat Chrysler Automobiles N.V.), a public company incorporated under the laws of the Netherlands and its principal place of business is London, United Kingdom. The principal executive offices of the Stellantis N.V are located at Singaporestraat 92-100, 1175 RA Lijnden, the Netherlands. (*See* **Exhs. O-T** to Lambert Decl., ¶¶ 27-32; FCA's Corporate Disclosure Statement filed concurrently herewith; *see also* Fed. R. Evid. 201(b)(2) [courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."]; *In re Wet Seal, Inc. Sec. Litig.*, 518 F. Supp. 2d 1148, 1158 (C.D. Cal. 2007) ["the Court may properly take judicial

notice of the SEC filings as public records of undisputed authenticity."]).

36. Because FCA is a limited liability company, and because its ultimate owner is a foreign corporation formed under the laws of the Netherlands, FCA is not considered a citizen of California for purposes of diversity jurisdiction.

37. Since the dismissal of Hoblit CJD on April 25, 2023, no other parties remain in this action.

38. Accordingly, complete diversity exists between Plaintiff and FCA.

## V.   CONCLUSION

46. Consequently, the State Action may be removed to this Court by FCA in accordance with the provisions of 28 U.S.C. §§ 1332, 1441, and 1446 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Central District of California, (ii) the action is between citizens of different states, and (iii) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Dated: May 4, 2023                                          Respectfully submitted,

*/s/ Sarah Carlson Lambert*
Spencer P. Hugret
Eric D. Sentlinger
Sarah Carlson Lambert
Attorneys for Defendant
FCA US LLC